UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **Bebi Alli, individually and on behalf of other similarly situated individuals,** | **CIVIL ACTION NO.:** |
| **Plaintiffs,** | |
| -v.- | |
| **Boston Market Corporation,** | **January 4, 2010** |
| **Defendants.** | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Bebi Alli, on her own behalf and on behalf of all others similarly situated, by and through undersigned counsel, alleges as follows:

### I.   INTRODUCTION

1.  This is a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and is brought to remedy widespread violations by Defendant Boston Market Corporation ("Boston Market"), that have deprived plaintiff, a Boston Market Assistant Manager, along with all other Assistant Managers at Boston Market restaurants, of overtime wages to which they are entitled.

2.  Under federal law, employees must be paid 1.5 times their regular rate for all hours over 40 worked in a week, unless they qualify for a statutory exemption.

3.  Despite this statutory requirement, Boston Market requires their Assistant Managers to work without any overtime pay whatsoever when in fact their duties do not qualify them for exempt status.

4. Defendant's acts violate federal overtime laws and affect hundreds of their Assistant Managers, current and former. Accordingly, Plaintiff, on behalf of herself and all others similarly situated, brings this claim and seeks unpaid compensation, an equal amount of liquidated damages, attorneys' fees and costs, and all other available and appropriate relief to which she and the other Assistant Managers are entitled.

## II.   JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1337, diversity jurisdiction pursuant to 28 U.S.C. Section 1332, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. Section 1367.

6. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7. The amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

8. At least one member of the proposed class is a citizen of a state different from that of at least one Defendant.

9. Plaintiff's claims involve matters of national or interstate interest.

10. Venue is proper in this district under 28 U.S.C. § 1391 because the acts or omissions giving rise to claims in this Complaint took place in this judicial district.

11. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. Sections 2201 and 2202.

### III. PARTIES

12. Plaintiff Bebi Alli is an individual residing and working within this judicial district. She has worked for Defendants since approximately September 2005. She held the position of Assistant Manager since January 9, 2007. She held that position until her employment ended on February 8, 2008. In this position, Plaintiff routinely worked 50 hours a week, or more, though she was never paid overtime.

13. Defendant Boston Market is a corporation organized and existing under the laws of Delaware. Its principal office is located at 14103 Denver West Parkway, Golden, Colorado. Defendants own and operate over 550 restaurants in 28 states, eighteen (18) of which are in Connecticut.

14. In this Complaint, "Boston Market" refers (unless otherwise stated) to both defendants and all successor, predecessor, subsidiary and related entities to which these allegations pertain.

15. Boston Market, which is subject to FLSA requirements, is an employer within the meaning of the FLSA. Boston Market is the employer of Plaintiff and all other Assistant Managers around the country.

### IV. COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff sues on behalf of herself and all other Boston Market Assistant Managers around the country. This is an appropriate collective or representative action under 29 U.S.C. § 216(b). Plaintiff and the other Assistant Managers are similarly situated in that they are all subject to Boston Market's common plan or practice of designating them as exempt from the overtime requirements of the FLSA and the

CMWA when in fact their work, as described and defined by the job description and required by Boston Market, is not exempt.

### CLASS ACTION ALLEGATIONS

17. Plaintiff brings the Second Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, for herself and on behalf of a class consisting of all persons who have worked for Defendant as Assistant Managers in Connecticut between January 4, 2007 and the date of final judgment in this matter.

18. As to Plaintiff's claims for money damages, pursuant to Conn. Gen. Stat. § 31-58 *et seq.*, Plaintiff sues on behalf of herself and all other members of the above-defined class. Class certification for these state law claims is appropriate under Rule 23(a) and Rule 23(b)(3) because all the requirements of the Rules are met:

23(a)(1). The class is so numerous that joinder of all members is impractical. Upon information and belief, there are over 50 Assistant Managers who have worked for Defendant in Connecticut. While the exact number and identities of class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff is informed and believes that hundreds of putative class members have worked for the Defendant without appropriate overtime pay;

23(a)(2). There are questions of law and fact common to the class, including whether or not the putative class members worked overtime but were not paid overtime in violation of Connecticut law, whether Defendant is liable for all damages claimed, including compensatory damages, liquidated damages, costs and attorneys' fees, and whether Defendant should be enjoined from violating the Connecticut Minimum Wage Act's overtime provisions in the future.

23(a)(3). The named Plaintiff's claims are typical of those of the class members. Plaintiff's claims encompass the challenged practices and course of conduct of Defendant. Furthermore, Plaintiff's legal claims are based on the same legal theories as the claims of the putative class members. The legal issues as to which federal and

          state laws are violated by such conduct apply equally to Plaintiff and to the class;

23(a)(4). The named Plaintiff will fairly and adequately protect the interests of the class. The Plaintiff's claims are not antagonistic to those of the putative class and he has hired counsel skilled in the prosecution of class actions.

23(b)(3). Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. To conduct this action as a class action under FRCP Rule 23 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member and maximizes recovery to them.

**19.** As to Plaintiff's claims for injunctive relief, pursuant to Conn. Gen. Stat. § 31-58 *et seq.*, Plaintiff sues on behalf of herself and all other members of the above-defined Connecticut class. Class certification for these state law claims is appropriate under Rule 23(a) for the reasons set forth in Paragraph 18 above. Class Certification for these state law claims also is appropriate under Rule 23(b)(1) because all the requirements of the Rule are met, in that Defendant has acted on grounds generally applicable to the class when it classified the positions of Assistant Manager as exempt, so that it is appropriate to issue final injunctive relief to the class as a whole.

## V. FACTS

**20.** At all relevant times, Plaintiff worked as an Assistant Manager for Boston Market. There are many Boston Market Assistant Managers around the country who share a common job title and description. They report directly to a General Manager in whom resides the real management authority of the store.

**21.** Boston Market's corporate office issues store operations manuals with

operating policies that apply uniformly to all stores nationwide.

**22.** While Plaintiff and the class have been given the title of Assistant Manager, in fact, based on their duties, their real and primary function is to perform non-exempt functions, including such tasks as cooking, cashiering, cleaning tables, sweeping floors, washing dishes, serving the counter and helping customers.

**23.** Plaintiff's duties did not include the hiring and firing of employees.

**24.** Plaintiff's work was performed for the benefit of the Defendant, in the normal course of the Defendant's business and was integrated into the business of the Defendant.

**25.** The work performed by Plaintiff required little skill and no capital investment. Her duties did not include managerial responsibilities or the exercise of independent judgment. Rather, her work involved many insignificant duties and duties identical to crew members and other non-exempt positions.

**26.** Boston Market's violations have been willful and intentional in that it has known all along that Plaintiff worked more than forty hours per week, the requirements of the law, and that the primary duty of its Assistant Managers has been to perform non-exempt work.

**27.** As a result of Boston Market's willful violations of the FLSA and the CMWA, Alli and all other similarly situated Assistant Managers have suffered damages in that they have not received proper compensation in accordance the FLSA and CMWA.

## LEGAL CLAIMS

## COUNT ONE
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

**28.** Plaintiff, on behalf of herself and all Collective Action Members, realleges and incorporates by reference paragraphs 1 through 27 as if they were set forth again herein.

**29.** At all relevant times, Defendant has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. Section 206(a) and 207(a).

**30.** Based on the foregoing, Boston Market's conduct in this regard was a willful violation of the Fair Labor Standards Act and entitles Plaintiff and all other similarly situated Assistant Managers who opt into this litigation to compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs.

## COUNT TWO

## VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT

**31.** Plaintiff, on behalf of herself and all Collective Action Members, realleges and incorporates by reference paragraphs 1 through 27 as if they were set forth again herein.

**32.** On or about September 8, 2008, Plaintiff filed a Statement of Claim for Wages with the Connecticut Department of Labor alleging, as she does here, that she was denied overtime pay in violation of Connecticut law. This claim remains pending in the Connecticut Department of Labor as of the date of this filing.

**33.** At all relevant times, Defendant has been and continues to be an employer as that term is defined under the Connecticut Minimum Wage Act.

7

34. Based on the foregoing, Boston Market's conduct in this regard was a willful violation of the Connecticut Minimum Wage Act and entitles Plaintiff and all other similarly situated Assistant Managers who opt into this litigation to compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff claims:

1. Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on behalf of the members of the Connecticut class and appointing Plaintiff and her counsel to represent the class;

2. Designation of this action as a collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. Section 216(b);

3. Declaratory judgment that the practices complained of herein are unlawful under the FLSA and the CMWA;

4. An injunction requiring Defendant to cease its unlawful practices under, and to comply with, the Connecticut Minimum Wage Act;

5. Unpaid overtime wages under the Fair Labor Standards Act and the Connecticut Minimum Wage Act;

6. Liquidated damages under the Fair Labor Standards Act and the Connecticut Minimum Wage Act;

7. An order directing Defendant to supply the names and home addresses of the similarly situated Assistant Managers to Plaintiff's counsel so that a notice can be sent to them inviting them to join this action;

8. Interest and costs;

9. Attorneys' fees under the Fair Labor Standards Act and the Connecticut Minimum Wage Act;

10. Such other relief as in law or equity may pertain.

## JURY DEMAND

Plaintiff demands a trial by jury by all issues so triable.

                                    Plaintiff, Bebi Alli, individually and
on behalf of other similarly situated individuals,

By: _____
Richard E. Hayber
Hayber Law Firm, LLC
221 Main Street, Suite 502
Hartford, CT 06106
Fed No.: ct11629
Attorney for Plaintiffs
(860) 522-8888
(860) 218-9555 (facsimile)
rhayber@hayberlawfirm.com
Attorney for Plaintiffs