**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| BEBI ALLI, et al. | : | CIVIL CASE NO. |
| Plaintiffs, | : | 3:10-cv-4 (JCH) |
| | : | |
| v. | : | |
| | : | |
| BOSTON MARKET CO., | : | SEPTEMBER 6, 2011 |
| Defendant. | : | |

**RULING RE: DEFENDANT'S MOTION TO DISMISS CLAIMS OF BEBI ALLI**
**(DOC. NO. 87)**

Pending before the court is Boston Market's Motion to Dismiss the Claims of Bebi Alli (Doc. No. 87). Alli is one of several named plaintiffs in this putative class action. Alli asserts claims for unpaid overtime under the Fair Labor Standards Act (FLSA), the Connecticut Minimum Wage Act, and New York Labor Law, arising from her employment as an assistant manager at Boston Market in New York and Connecticut between 2005 and 2008. Boston Market argues that, as a result of Alli's failure to disclose these claims during her 2009 bankruptcy proceeding, Alli now lacks standing to raise these claims on her own behalf and should be judicially estopped from doing so. Alli responds that judicial estoppel is not appropriate because her failure to disclose the claims was an inadvertent, good faith error, and that she is taking steps to cure the standing problem by seeking to reopen her bankruptcy case.

Alli's bankruptcy estate included "all legal and equitable interests" she had when she filed for bankruptcy on June 24, 2009. See 11 U.S.C. § 541(a)(1). This included her three claims in this action, each of which arise from her employment as an assistant manager at Boston Market from 2005 to 2008. See Chartschlaa v. Nationwide Mut. Ins. Co., 538 F.3d 116, 122 (2d Cir. 2008) ("Every conceivable interest of the debtor, future,

nonpossesory, contingent, speculative, and derivative is within the reach of § 541." (quotation omitted)); <u>Gaskins v. Thousand Trails, LP</u>, 521 F. Supp. 2d 693, 697-98 (S.D. Ohio 2007) (holding that plaintiff was required to disclose her FLSA claim during her bankruptcy).

Generally, undisclosed claims remain a part of a debtor's bankruptcy estate even though they are not administered by the trustee. <u>See</u> <u>Chartschlaa</u>, 538 F.3d at 122 ("While properly scheduled estate property that has not been administered by the trustee normally returns to the debtor when the bankruptcy court closes the case, undisclosed assets automatically remain property of the estate after the case is closed."). The bankruptcy debtor lacks standing to raise such claims as long as they remain a part of her bankruptcy estate. <u>Id.</u> at 123 ("[T]he claims asserted by the plaintiffs . . . are also property of the bankruptcy estate, and those claims may not be brought by the plaintiffs."); <u>see</u> <u>Dunmore v. United States</u>, 358 F.3d 1107, 1112 (9th Cir. 2004) ("Dunmore lacked prudential standing when he filed this action. The bankruptcy estate, and not Dunmore, was the real party in interest at that time.").

Alli argues that she should be given an opportunity to reopen her bankruptcy so that the bankruptcy trustee may either adopt or abandon the claims. The Second Circuit approved this procedure "in the unusual circumstances" of a case in which the defendant knew, at the start of the case and prior to the completion of the plaintiff's bankruptcy, that the <u>pro se</u> plaintiff had failed to disclose the claims in bankruptcy, but the defendant unduly delayed in raising the issue until after the bankruptcy petition closed and the defendant had suffered a partial defeat on the merits of the claim. <u>See</u> <u>Ayazi v. New York City Bd. of Ed.</u>, 315 F. App'x 313, 314-15 (2d Cir. 2009). Unlike

2

those circumstances, Alli had legal counsel in her bankruptcy case and in this case, and there is no suggestion that Boston Market unduly delayed in raising the standing issue in this case.

Assuming that the standing problem could be cured, Alli has had an opportunity, but has not taken sufficient steps to do so.  Boston Market's Motion to Dismiss was filed on March 22, 2011.  Alli's attorney filed a Declaration, dated May 26, 2011, stating that he had contacted the trustee in Alli's bankruptcy.  Haber Decl. (Doc. No. 129) ¶ 5.  Alli's attorney claims that "[o]n April 27, 2011, [the trustee] informed me that she will be abandoning Ms. Alli's overtime claims.  We are in the process of taking the necessary steps to reopen the case."  Haber Decl. ¶ 6.  More than four months have passed since that time, and the docket in Alli's bankruptcy case reflects no activity since it was closed on December 10, 2009.  See In Re Alli, No. 09-14104-ajg (Bankr. S.D.N.Y.).  On July 28, 2011, this court held a status conference and inquired about the status of Alli's efforts to reopen the bankruptcy case.  Alli informed the court that the bankruptcy trustee had taken the position that there was no need to reopen the bankruptcy case, and that the claims should be deemed abandoned.  The court warned Alli that this second-hand report of the trustee's position is not adequate to establish that the claims have been abandoned.  See Chartschlaa, 538 F.3d at 123 ("Abandonment is not a process to be taken lightly. . . . In light of the impact of abandonment on the rights of creditors, a trustee's intent to abandon an asset must be clear and unequivocal.").  Since that time, Alli has neither reopened her bankruptcy case, nor filed any pleading in this court in an effort to establish that her claims have been abandoned.   Therefore, despite having been given much time and warning, Alli has failed to establish that the

3

problem has been cured.  Alli lacks standing to pursue her claims in this action.

In addition, Alli has not sufficiently rebutted Boston Market's showing that Alli's claims are subject to judicial estoppel.  "A party invoking judicial estoppel must show that (1) the party against whom the estoppel is asserted took an inconsistent position in a prior proceeding and (2) that position was adopted by the first tribunal in some manner, such as by rendering a favorable judgment."  Mitchell v. Washingtonville Cent. Sch. Dist., 190 F.3d 1, 6 (2d Cir. 1999) (citations omitted).  "In the bankruptcy context, judicial estoppel is commonly invoked in order to prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy."  Coffaro v. Crespo, 721 F. Supp. 2d 141, 145 (E.D.N.Y. 2010) (quotation omitted); see  Galin v. I.R.S., 563 F. Supp. 2d 332, 338-39 (D. Conn. 2008).  However, "judicial estoppel does not apply when a litigant's prior representations were the result of a good faith mistake or inadvertent error."  Coffaro, 721 F. Supp. 2d at 145 (citing Simon v. Safelite Glass Corp., 128 F.3d 68, 72 (2d Cir. 1997).

There is no dispute that the two required elements for judicial estoppel are met. The only issue is whether estoppel should not apply because Alli's failure to list her claims in bankruptcy was a good faith mistake.  Alli was represented by counsel in her bankruptcy case.  However, she asserts that she was not informed that she had any claims relating to her employment at the time her bankruptcy petition was filed and that she does not recall being asked by her attorney if she had any claims.  Alli Decl. (Doc. No. 116-1) ¶¶ 3-4.  Alli claims, "I did not realize that I could bring a lawsuit to recover unpaid overtime until I spoke to Richard Hayber about my discrimination claims."  Id. ¶ 5.

This Declaration is inadequate for two reasons.  First, "[t]he law is clear that legal advice and ignorance of the law are not defenses to judicial estoppel."  Galin, 563 F. Supp. 2d at 341; see Cannon–Stokes v. Potter, 453 F.3d 446, 449 (7th Cir. 2006) ("[A] debtor in bankruptcy is bound by her own representations, no matter why they were made, at least until the debtor moves to amend the disclosures and pay the creditors their due . . . . The remedy for bad legal advice lies in malpractice litigation against the offending lawyer.").   Second, Alli does not indicate when she learned from Attorney Haber that she could bring such a lawsuit.  Her bankruptcy petition was closed on December 10, 2009, and this action was filed by Alli on January 4, 2010.  Given this timing, it is possible that Alli learned of her claim prior to the closure of her bankruptcy petition.  Therefore, Alli has not shown that she should be permitted to pursue her claims in spite of her failure to disclose those claims in her bankruptcy case.

Boston Market's Motion to Dismiss the Claims of Bebi Alli (Doc. No. 87) is **granted**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 6th day of September, 2011.


 /s/ Janet C. Hall
Janet C. Hall
United States District Judge